DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brian Steen, appeals the Wood County Court of Common Pleas' decision, sentencing him to concurrent terms of four years and six months incarceration.
 {¶ 2} On March 21, 2005, appellant pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), a second degree felony, and one count of inducing panic in violation of R.C. 2917.31(A)(3), a fourth degree felony. The court found that a two year minimum prison term under R.C. 2929.14(A)(2) would demean the seriousness of appellant's offense and would not adequately protect the public from future crimes by the offender or others. Therefore, appellant was sentenced to concurrent terms of four years and six months incarceration, pursuant to R.C.2929.14(B)(2).
 {¶ 3} Appellant asserts two assignments of error: 1) that the trial court violated his Sixth Amendment right to a jury by sentencing him to a term of incarceration beyond the two year minimum and 2) that the record did not support such a sentence.
 {¶ 4} Appellant's assignments of error are well-taken. The Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, at ¶ 80, has found that R.C. 2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v.New Jersey (2000), 530 U.S. 466, and thus is unconstitutional. This case, therefore, is controlled by Foster. The sentence imposed by the trial court is unconstitutional and, consequently, void.
 {¶ 5} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed, appellant's sentence is vacated and this matter is, hereby, remanded to the trial court for re-sentencing, pursuant to Foster. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Parish, J., Skow, J. concur.